## Schuylkill Railway Co., Appellant, v. Public Service Commission et al.

*Public Service Commission — Evidence — Rules of evidence — Written contract—Proof of contract—Record—Presumption—Act of July 26, 1913, P. L. 1374.*

1. The Public Service Company Act of July 26, 1913, P. L. 1374, contains no provision relating to the kind of evidence which may be received and acted upon by the commission; but, the commissioners not being considered as judges learned in the law, the legislature did not contemplate that the strict rules of evidence should be applied to their hearings.

2. In a crossing proceeding between a railroad company and an electric railway company, the latter cannot allege that a contract between the railroad company and the railway company's predecessor in title, was not proved in accordance with law, where it appears that a copy of the contract in question was offered by counsel for the railroad company, with a statement that it was a copy of the agreement taken from the files of the company, where the originals of all agreements were kept, and had been prepared and verified by himself, such paper being presumably a copy of one on file, with the commission, as required by the Act of 1913, and its accuracy not being challenged.

Argued October 4, 1920. Appeal, No. 61, Jan. T., 1920, by plaintiff, from judgment of Superior Court, Oct. T., 1918, No. 236, affirming order of the Public Service Commission, No. 1732, 1918, in case of Schuylkill Railway Co. v. Public Service Commission and Lehigh Valley Railroad Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from judgment of Superior Court.
The opinion of the Supreme Court states the facts.

The Superior Court affirmed the order of the commission. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the Superior Court, quoting it.

*C. A. Snyder* and *Frederick M. Leonard,* with them *Arthur L. Shay,* for appellant.

*R. W. Barrett* and *E. H. Burgess,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

This was a proceeding, before the Public Service Commission, on the part of the Schuylkill Railway Company, to obtain a certificate of public convenience, evidencing the commission's approval of a "renewal or relocation" of a "crossing at grade by the tracks of the Schuylkill Railway Company over the double tracks of the Lehigh Valley Railroad Company," at a certain point in Butler Township, Schuylkill County.

The petitioners asked not only for the approval of the application for the alteration of the crossing by the laying of new tracks, but also that "the commission apportion the cost of said renewal between the said Schuylkill Railway Company and the said Lehigh Valley Railroad Company, in such proportions as to the said commission shall seem meet and proper."

The commission granted the certificate of public convenience, "approving the replacement or renewal of the existing crossing," and directing "the cost and expense thereof to be borne and paid by the Schuylkill Railway Company"; which corporation appealed, because this expense was placed entirely upon it.

The Superior Court affirmed the order of the commission, and the present appeal was allowed, this court directing, however, that it be "limited to the first question raised in the Superior Court"; and this, in the words of

appellant, was: "Had the Public Service Commission the right to base their finding on an alleged copy of a contract which was not proved in accordance with law?"

In its printed history of the case, appellant states: "The Schuylkill Railway Company is a public service corporation created under the laws of Pennsylvania, and absorbed, among other roads, the Schuylkill Traction Company."

At the hearing before the examiner, counsel for the Lehigh Valley Railroad Company called attention to the fact that a copy of a contract between his corporation and the Schuylkill Traction Company—which corporation, as just shown, appellant describes as having been absorbed by it, and the report of the commission, so far as the crossing and the contract in question are concerned, refers to the corporation as "the predecessor in title to the Schuylkill Railway Company"—was on file with the commission, "covering this particular crossing"; whereupon, the examiner stated that the copy would have to be formally offered in evidence. Counsel for the railway company objected, not to the relevancy or legal effect of the alleged contract, but simply that the copy did not "come up to the proof required in a legal proceeding in the State of Pennsylvania."

In making the formal offer, counsel for the Lehigh Valley Company stated: "This agreement is a copy of the agreement taken from the files of our secretary in Philadelphia, where the original copies of all agreements of the company are kept, and was prepared and verified by me." The evidence was accepted by the examiner.

The Public Service Company Law (Act of July 26, 1913, P. L. 1374) contains no provision relating to the kind of evidence which may be received and acted upon by the commission; but, the commissioners not being considered as judges learned in the law, the legislature necessarily did not contemplate that the strict rules of evidence should be applied to their hearings. The act, by section 18, article VI, provides that the "testimony

taken" shall come up on appeal as part of the record; this was no doubt intended to afford the courts an opportunity to see that there was some reasonable basis in the proofs for the decision of the commission, not that they might examine to see whether the strict rules of evidence had been complied with.

The act in question, by section 1, article II, paragraph (g), provides that it shall be the duty of every public service company to file with the commission "verified copies of any and all contracts......entered into by such public service company......or any branch or subdivision thereof, or other public service company, in relation to its public service." It is to be presumed that the contract here in controversy was filed in accordance with this provision; therefore, when the copy was offered by counsel for the railroad company, he tendered that which was part of the official records of the Public Service Commission. Moreover, we notice that counsel for appellant nowhere claim the contract thus offered was not in fact executed in accord with the terms of the copy put in evidence.

Counsel must have known, from what occurred when the contract was offered, that it was accepted in evidence and might be acted on. They then had their opportunity to tender their proofs, and legal arguments founded thereon, for the purpose of overcoming the effect of the contract, had they seen fit so to do; or, if not prepared, they could have asked for a continuance for that purpose.

Finally, the relevant act of assembly (section 12, article V) confers upon the commission, in cases of this character, power to place the expense of the "construction, relocation or alteration" upon either or both of the public service companies concerned in making the improvement, as "the commission may......in due course determine"; and, while the report of this case indicates the commission took into consideration the contract offered in evidence before the examiner, it does not con-

clusively show that the order as to the cost or expense of the improvement, rests entirely upon that item of proof; but, even if it did, appellant, in the petition for the present appeal, refers to the contract as an agreement entered into between it, "the Schuylkill Railway Company, and the Lehigh Valley Railroad Company," and asserts that "the question involved" concerns the jurisdiction of the Public Service Commission because of the fact that this contract was entered into "prior to the creation" of such commission—not that it concerns the validity, relevancy or competency of either the contract itself or the copy offered in evidence.

Attention is called to the above stated averment from the railway company's petition, not to raise a new question for decision, but to show the position taken by appellant when it asked permission to bring the case here. We do not discuss that position, since it did not sufficiently impress this court to permit its presentation on the present appeal, the appeal being expressly confined by us as hereinbefore recited.

On the whole, we are not convinced that the Superior Court erred in affirming the order of the Public Service Commission.

The appeal is dismissed.